UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                  Case Nos.:  3:17cr115/MCR/HTC
                                                3:20cv90/MCR/HTC

NICHOLAS E. FOGARTY

---

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Nicholas E. Fogarty's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.    ECF Doc. 78.    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.    *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

After careful consideration of the petition, the record, the relevant law, and the Government's response (ECF Doc. 81), the undersigned recommends the motion be DENIED without an evidentiary hearing.    *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.    Fogarty has not provided legal or factual support for his myriad claims of ineffective assistance of counsel, and his reliance on *United States v. Rehaif,* 139 S. Ct. 2191 (2019), as warranting relief is wholly misplaced.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On November 14, 2017, a grand jury charged Fogarty in a two-count indictment with advertisement of child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(A) and 2251(e) ("Count One") and distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) ("Count Two").    ECF Doc. 12.    The charges stemmed from undercover investigations that revealed Fogarty was part of an online community that used a social media application called "Kik" to trade and promote the sharing of child pornography.

Fogarty exercised his right to a jury trial and was convicted on both counts. ECF Docs. 29-33, 35.    The abundant evidence against him, which was derived from both undercover online surveillance operations and digital device searches, is summarized in the Presentence Investigation Report (PSR).    ECF Doc. 45, PSR ¶s 12-49.

The PSR calculated Fogarty's total offense level at 40.    ECF Doc. 45, PSR ¶ 85.    This included a base offense level of 22 and numerous adjustments.    The adjustments reflected that the offense conduct involved: material depicting a prepubescent minor; distribution of child pornography in exchange for valuable consideration; depiction of sadistic or masochistic conduct; use of a computer; and

Case Nos.: 3:17cr115/MCR/HTC; 3:20cv90/MCR/HTC

600 or more images.    PSR ¶s 74-78.    Fogarty had a criminal history category of II

due to a 2014 conviction for possession of obscene material involving a minor for

which he was sentenced to a term of 30 months in state prison.    PSR ¶s 91, 92.

The advisory guideline imprisonment range was 324 to 405 months.    PSR ¶s 135,

136.

The Court sentenced him at the low end of the applicable range to concurrent

terms of 324 months' imprisonment, followed by concurrent life terms of supervised

release.    ECF No. 53.    Judgment was entered on August 6, 2018.

Fogarty appealed (ECF Doc. 55), and the Eleventh Circuit dismissed the

appeal on November 1, 2018, pursuant to Fogarty's motion.    ECF Doc. 69.

Because the appeal was dismissed, the record contains no transcripts of any portion

of the proceedings.

In October of 2019, Fogarty moved for a ninety-day extension of time to file

his § 2255 motion, claiming he had diligently pursued his rights, but had been

delayed by events and persons outside of his control.    ECF Doc. 76.    The District

Court granted his request on October 31, 2019.    ECF Doc. 77.    Fogarty filed his

§ 2255 motion on January 6, 2020, pursuant to the prison mailbox rule.[1]

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or
Case Nos.: 3:17cr115/MCR/HTC; 3:20cv90/MCR/HTC

## II.    FOGARTY'S PETITION

Fogarty separates his claims into two grounds for relief.    First, he contends counsel was constitutionally ineffective, identifying eleven separate deficiencies in counsel's performance.    Second, he claims that the jury's finding of guilt is invalid after *United States v. Rehaif*, 139 S. Ct. 2191 (2019).

### A. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.    *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).    Thus, as an initial matter, Fogarty's ineffective assistance of counsel claim is not procedurally barred and is properly before the Court for consideration.    *See Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004).

To prevail on a constitutional claim of ineffective assistance of counsel, a

---

delivered to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").  The Government does not challenge the timeliness of Fogarty's motion.

defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).    In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.    *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000).    It is a defendant's burden to provide factual support for his contentions.    *See Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).    Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Wilson v. United States*, 962 F. 2d 996, 998 (11th Cir. 1992); *Dale v. United States*, 809 F. App'x 727, 728 (11th Cir. 2020).    A defendant must identify the errors or omissions

of which he complains and explain how they affected the outcome of the proceedings.   *Boyd*, 697 F.3d at 1333.   A silent record is not sufficient to disprove the strong and continuing presumption of effective representation.   "[W]here the record is incomplete or unclear" about counsel's actions, the court "will presume that he did what he should have done, and that he exercised reasonable professional judgment."   *Harvey v. Warden, Union Corr. Inst.,* 629 F. 3d 1228, 1239 (11th Cir. 2011) (*quoting Chandler v. United States*, 218 F. 3d 1305, 1314, n. 15 (11th Cir. 2000)).

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."   *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).   Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

Not every claim of ineffective assistance of counsel warrants an evidentiary

hearing.    *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).    To be entitled to a hearing, a defendant must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief."    *Griffith v. United States*, 871 F. 3d 1321, 1329 (11th Cir. 2017).    A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.    *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014); *Peoples v. Campbell*, 377 F. 3d 1208, 1236-1237 & n. 57 (11th Cir. 2004); *Tejada v. Dugger*, 941 F. 2d 1551, 1559 (11th Cir. 1991).

In the petition, Fogarty seeks relief from his judgment for ineffective assistance of counsel, citing the following allegedly deficient conduct:

1. Counsel did not explain the charging document;

2. Counsel did not obtain, question, or explain discovery material;

3. Counsel did not educate himself or seek expert witnesses;

4. Counsel failed to investigate the Government's case

5. Counsel failed to make appropriate pre-trial and trial motions;

6. Counsel was not knowledgeable and failed to invoke the rules of evidence;

7. Counsel failed to object to opinion statements;

8.  Counsel failed to cross examine key Government witnesses;

9.  Counsel failed to move for a mistrial due to jury contamination;

10.  Counsel did not have a cohesive trial strategy;

11.  Counsel did not object to enhancements used at sentencing.

ECF Doc. 78 at 4.

Fogarty's allegations are conclusory and do not entitle him to relief.   He provides no facts or details about what counsel did or did not do, or what counsel could or should have done differently.   The motion is completely devoid of any explanation about how any of counsel's actions or omissions changed the outcome of the case, particularly given the tangible evidence against Fogarty.   He does not suggest, for instance, how an expert witness would have helped his case, or the nature of the alleged jury contamination or what objections counsel could have made to the myriad enhancements.   As noted above, bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.   *Boyd,* 697 F.3d at 1333-1334; *Wilson*, 962 F.2d at 998.

Furthermore, Fogarty's allegations are refuted by defense counsel.   In response to Fogarty's motion, the Government submitted an affidavit from Fogarty's former attorney, Stephen E. Sutherland, in which he attests that he consulted with

Case Nos.: 3:17cr115/MCR/HTC; 3:20cv90/MCR/HTC

Fogarty about the case and reviewed the evidence with him.    ECF Doc. 81-2 at 2.
Counsel explains that his trial strategy was to refute the Government's evidence and
argue the Government failed to meet its burden of proof because Fogarty had
provided him with "no evidence . . . that would have been presentable as a legitimate
defense on his behalf."    *Id.*    Finally, counsel's assessment was that the evidence
against Fogarty, including his admissible prior conviction, was too much for a
defense attorney to overcome, but Fogarty nonetheless insisted on proceeding to
trial.    *Id.*

Despite the Government's response and the Court allowing Fogarty an
opportunity to rebut Sutherland's affidavit and explain his claims, Fogarty did not
file a reply.    Instead, over a year later in October of 2021, Fogarty submitted a
"Declaration" in which he referenced this case as being a "sham of false hope."
ECF Doc. 82 at 1.    Fogarty also stated:    "Fuck your verdict;" "Fuck your
unconstitutionally long sentence;" and "On this the 4th Anniversary of my
imprisonment there will not be a 5th."    *Id.*    The undersigned entered an order
indicating it would take no action on the Declaration, as it was not relevant to the
instant motion.    ECF Doc. 83.    However, out of an abundance of caution and
construing Fogarty's comment to constitute an expression of potential self-harm, the

Court instructed the Clerk to furnish a copy of the Declaration to the Warden at the institution where Fogarty was incarcerated, for informational purposes only.

On November 12, 2021, the clerk received a second submission from Fogarty, which was docketed as a "Pro Se Motion to Modify Sentence."    ECF Doc. 84.    In the filing, Fogarty sought "a new sentencing hearing where he hopes the court will issue a sentence of death by firing squad."    ECF No. 84 at 1.    He complained that his 324-month sentence followed by a life term of supervised release was cruel and unusual punishment, in violation of his Eighth Amendment rights, presumably when contrasted with the 30-month sentence he had received for mere possession of obscene material involving a minor.    Again, this Court denied Fogarty's motion, finding it contained no information pertinent to the resolution of his § 2255 motion. ECF Doc. 85.

In sum, Fogarty has neither met his burden of proof on his *Strickland* claim, nor shown he is entitled to an evidentiary hearing.    No relief is warranted on Ground One of his § 2255 motion.

## B. *Rehaif* Claim

In Ground Two, Fogarty contends the decision in *Rehaif* somehow affects the "knowingly" provision of the charged offenses in this case.    Fogarty's argument is

Case Nos.: 3:17cr115/MCR/HTC; 3:20cv90/MCR/HTC

without merit.    In *Rehaif*, the Supreme Court clarified the knowledge requirement as it relates to 18 U.S.C. § 922(g), which proscribes possession of firearms by certain classes of persons.    The Court held that to secure a conviction under section 922(g), the Government has to prove both (1) that a defendant knew he possessed a firearm or ammunition; and (2) that the defendant knew of his prohibited status under the statute when he did so.    *Rehaif,* 139 S. Ct. at 2200.    Fogarty does not explain how *Rehaif* applies to his case, nor could he, as it has no bearing on the instant case.

Simply, *Rehaif* does not extend beyond 18 U.S.C. § 922(g) and does not apply to child pornography statutes in this case.    Moreover, the Court properly instructed the jury on the knowledge elements of the charges against Fogarty.    Namely, with respect to Count One, the Court instructed the jury it is a violation of federal law "to knowingly make, print or publish any notice or advertisement seeking or offering to receive, exchange, produce, display, distribute or reproduce any visual depiction of child pornography."    ECF Doc. 34 at 11.    As to Count Two, the Court instructed the jury that it is a federal crime "to knowingly distribute or attempt to distribute any child pornography, using any means or facility of interstate or foreign commerce, including by computer."    *Id.* at 13.    Finally, the jury was instructed that the word "knowingly" indicates that an act was done "voluntarily and intentionally and not

Case Nos.: 3:17cr115/MCR/HTC; 3:20cv90/MCR/HTC

because of mistake or accident."   *Id.* at 19.   Furthermore, based on the offense

conduct as described in the PSR, the question of Fogarty's knowledge of the nature

and wrongfulness of his actions cannot reasonably be disputed.   No relief is

warranted on this claim.

## III.   CONCLUSION

An evidentiary hearing is not necessary to resolve Fogarty's claims because

"the motion and files and records conclusively show that the prisoner is entitled to

no relief."   *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877

(11th Cir. 2015).   He has failed to provide anything but bare, conclusory allegations

in support of his ineffective assistance of counsel claims, and his *Rehaif* claim is

legally without merit.   Therefore, his motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 should be denied in its entirety.

## IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that

"[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must

state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."    A timely notice of appeal must still be filed, even if the Court issues

a certificate of appealability.    Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial

of a constitutional right.    § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000) (explaining how to satisfy this showing) (citation omitted).    Therefore, it is

also recommended that the District Court deny a certificate of appealability in its

final order.

The second sentence of Rule 11(a) provides: "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

issue."    If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the District Judge in the objections

permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.    The Motion to Vacate, Set Aside or Correct Sentence (ECF Doc. 78) be

DENIED.

2.    A certificate of appealability be DENIED.

At Pensacola, Florida, this 23rd day of March, 2022.

Case Nos.: 3:17cr115/MCR/HTC; 3:20cv90/MCR/HTC

s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**